FILED
United States Court of Appeals
Tenth Circuit

July 30, 2026

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

KAREN M. FUSILIER,

    Plaintiff - Appellant,

v.

STATE OF KANSAS; KRISTEN STINNETT; LOUISE CODY; SHANNON COOPER; SUSAN LOY; ROBERT HOLUBEC; JEFF EASTER; KELLIE HOGAN; MARC BENNETT; MARK ORR; JAN JARMAN; SEAN HATFIELD; CHRISTOPHER MAJANA; JENNIFER MAJANA; SAM KEPFIELD; ROBIN KARP; TRAVIS HAMRICK; CHIANNA J. HEMKEN; KARA RATZLAFF; ROSA TREJO; VANESSA ROSCO; JOHNATHEN RUPP; BECKY HURIG; DELLEN FLETCHER; JEANIZE WINSOR; BRENT WINSOR; PATRIA R. COTTEN; KYLE PERRY; SPENCER KASTIN; NICHOLE SWITZER; KAMERON EVANS; TRYGVE PALMER; BRADLEY BURCHETT; HOLLY CASH; TRAVIS EASTER; DOUGLAS COOK; SHAWN THOMAS; REX LEFFEW; LISA URBING; ROTH TRENTON; RYAN SNYDER; TREVOR MACY; LUGO MAGUM; DELANY YONCHEK; GLEN WHISBY; ST. JOSEPH HOSPITAL; DALTON ROBERTS; DARLENE ZERR; ERICK LANDON; VALERIE SHIRKEY; RICK PENA; MARIO OCON;

No. 26-3056
(5:25-CV-04132-JWB-BGS)
(D. Kan.)

JUSTIN WOODY; CORRIE
MCCLUSKEY; CHRISTOPHER
WELS; JOTHATHAN NEWLAND;
RYAN MASENTHIN; CHRISTAN
THOMAS; DILLON DICKERSON;
MARLON WOOLCOCK; EDWARD
BROWER; LARRY CARLSON;
ANDREA WICKSTRUM; DIANA
BOWMAN-TROUNG; HOWARD
MILLER; CRYSTAL SCHELL;
JASON BARTEL; KACEY
WEIDNER; KELLY MAR;
ALENJANDRO MIJARES; PAULA
MIJARES; REGINA (LNU),
Comcare of Wichita, KS employee,

Defendants - Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before **BACHARACH**, **McHUGH**, and **CARSON**, Circuit Judges.

---

Ms. Karen M. Fusilier sued for "Crimes which the State (Allegedly) Commits Against Us in the Family Courts." R. at. 16–22. In the complaint, Ms. Fusilier invoked federal criminal statutes, federal employment

---

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the briefing. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

statutes, and state laws, stating that she had suffered a "loss of property" and a "loss of freedom." *Id.* at 13. But the complaint did not say what each defendant had done or how he or she had violated the law.

The district court dismissed the complaint, reasoning that Ms. Fusilier had failed to

- allege subject-matter jurisdiction or

- provide a short and plain statement showing a right to relief.

Ms. Fusilier appeals. Because she is pro se, we must liberally construe the complaint and her appeal brief. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But even pro se parties must comply with the procedural rules applicable to other litigants. *See id.* These rules require an appellant to explain why the district court's reasoning was wrong. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1369 (10th Cir. 2015) (affirming the dismissal of a claim when the appellant's opening brief had failed to challenge the basis for the district court's ruling).

Ms. Fusilier hasn't explained why the district court was wrong in concluding that she hadn't

- alleged subject matter jurisdiction or

- provided a short and plain statement showing a right to relief.

3

So we affirm the dismissal.[1]

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[1]    We grant Ms. Fusilier's motion for leave to proceed in forma pauperis.